IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Robert J. Robinson, M.D., )
 ) No. 2:13-cv-1916-RMG
Plaintiff, )
 )
v. )
 ) **ORDER**
Care Alliance Health Services, d/b/a )
Roper St. Francis Healthcare; Bon Secours )
St. Francis Xavier Hospital, Inc.; Steven )
Shapiro; Allen Carroll; and Laura Celia, )
 )
Defendants. )
_____ )

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 125), recommending Defendants' Motion for Summary Judgment be denied in regard to the claim arising under Title III of the Americans for Disability Act ("ADA"), 42 U.S.C. § 12182(a), and granted in regard to all pendent state claims. Plaintiff filed objections to the Magistrate Judge's recommendation that the pendent state claims be dismissed, and Defendants filed objections regarding the Magistrate Judge's recommendation that their motion for summary judgment regarding the ADA claim be denied. (Dkt. Nos. 126, 127). As set forth below, the Court adopts the recommendation of the Magistrate Judge as the order of the Court, denies summary judgment regarding the ADA claim and grants summary judgment regarding the pendent state claims.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-271 (1976). The Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## Discussion

Plaintiff, an ob-gyn who has been in practice in the Charleston area for many years with hospital privileges at Roper Hospital and St. Francis Hospital, has been engaged in a dispute with Defendants over his medical staff privileges.[1] The controversy arose after the Defendant hospitals received complaints about Plaintiff's performance in handling certain deliveries and Plaintiff's claim that he is entitled to reasonable accommodations under Title III of the ADA because of disabilities that allegedly impair his ability to stand for a sustained period while delivering babies. This Court earlier denied Defendants' motion to dismiss the ADA claim on the basis that Title III and no other section of the ADA provided relief to Plaintiff in his status as a non-employee member of the hospital medical staff. (Dkt. No. 97).

The Magistrate Judge ably summarized the voluminous factual record in this matter and numerous material factual disputes regarding almost every issue in contest under the ADA claim, and the Court finds it unnecessary to repeat those matters here. This includes disputed facts concerning Plaintiff's physical capacity to deliver babies, whether he has a disability within the meaning of the ADA, the appropriateness or inappropriateness of Plaintiff performing delivery services, including delivery by way of cesarean section, while sitting on a stool, and whether Plaintiff ever requested an accommodation and, if so, whether an accommodation was required under the ADA. (Dkt. No. 125 at 15-25). The Magistrate Judge concluded that these material factual disputes made disposition by summary judgment inappropriate and recommended Defendants' motion for summary judgment on the ADA claim be denied. (*Id.* at 19-20, 24-25).

Defendants filed objections to the Magistrate Judge's recommendation regarding the ADA claim, contending that the Magistrate Judge used an inappropriate legal standard for a Title

---

[1] In December 2012, Roper St. Francis Hospital closed its labor and delivery services, and all of Plaintiff's Roper St. Francis patients were thereafter treated at Bon Secours St. Francis Hospital.

3

III claim and that the record did not contain evidence of a material factual dispute on the issue of whether Plaintiff actually requested a reasonable accommodation. (Dkt. No. 126 at 2-5). The Court is satisfied that the R & R applied the proper legal standard for addressing a Title III claim and that the record, taken in a light most favorable to Plaintiff as the non-moving party, does contain material factual disputes concerning whether Plaintiff requested accommodation by way of a stool to assist him during deliveries. The Court finds the Defendants objections to be without merit and adopts the Magistrate Judge's order concerning the denial of summary judgment on the ADA claim.

Plaintiff objects to the Magistrate Judge's recommendation that his pendent state claims be dismissed because Defendants are immune under these circumstances from damages pursuant to the provisions of the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. § 11111(a). (Dkt. No. 127).[2] The Magistrate Judge properly sets forth the statutory presumption in favor of the immunity of professional review committees and accurately summarizes the record evidence indicating that Plaintiff failed "to rebut the presumption that the peer review action at issue complied with the necessary standards for granting of immunity under HCQIA." (Dkt. No. 125 at 39). Plaintiff essentially reargues the record evidence in his objections and contends that since there is an allegation of discriminatory action that survives under the ADA this should preclude the grant of immunity from damages for the peer review committee under HCQIA. (Dkt. No. 127). The Court finds Plaintiff's objections to be without merit and adopts the Magistrate Judge's order regarding the grant of summary judgment concerning the Plaintiff's remaining state pendent claims.

---

[2] Plaintiff's Second Amended Complaint asserted eight separate state pendent claims. (Dkt. No. 39 at 14-19). In the course of this litigation, Plaintiff has withdrawn or conceded the claims set forth in the Third, Fourth, Sixth, Seventh, Eighth and Ninth Causes of Action. *See* Dkt. No. 125 at 1-2; Dkt. No. 127 at 3. The remaining state claims are for abuse of process (Second Cause of Action) and tortious interference (Fifth Cause of Action).

## Conclusion

Based upon the foregoing, the Court hereby adopts the R & R of the Magistrate Judge as the order of the Court. (Dkt. No. 125). Defendants' motion for summary judgment regarding the ADA claim (First Cause of Action) is denied and the motion for summary judgment regarding the pendent state claims (all remaining claims) is granted. (Dkt. No. 109).

AND IT IS SO ORDERED.

_____
Richard M. Gergel
United States District Judge

June 24, 2015
Charleston, South Carolina